IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FELIPE SANTIAGO MAYANCELA YUNGA, | § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| SANDY HEATHMAN, Acting Director of the Houston Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; ALEXANDER SANCHEZ, Warden of the IAH Secure Adult Detention Facility, | § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00439 JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Felipe Santiago Mayancela Yunga (Mayancela Yunga)'s Amended Petition for Writ of Habeas Corpus (the Petition) [Dkt. 5]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Mayancela Yunga is an Ecuadoran national who illegally entered the United States on September 10, 2022. [Dkt. 5 at ¶¶ 1, 3]. On May 19, 2025, United States Immigration and Customs Enforcement (ICE) detained Mayancela Yunga. *Id*. at ¶ 5. On August 19, 2025, an Immigration Judge ordered Mayancela Yunga removed from the United States. *Id*. at ¶ 11.

On June 16, 2026, Mayancela Yunga brought a habeas corpus petition, claiming (1) a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 5].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Mayancela Yunga filed two claims with his petition: (1) a violation of the Fifth Amendment's due process clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 5].

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six-month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. Mayancela Yunga acknowledged in his petition that his removal to Honduras is imminent. [Dkt. 5 at ¶ 13]. If this is the case, *at this time* there is no "good reason to

believe that there is no significant likelihood of removal in the reasonably near future." *Zadvydas*, 533

U.S. at 701.

### IV. CONCLUSION

It is therefore **ORDERED** that Mayancela Yunga's Petition for Writ of Habeas Corpus [Dkt. 5] is hereby **DENIED**. Any and all pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 16th day of July, 2026.**

Michael J. Truncale
United States District Judge